# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-631V
UNPUBLISHED

| | |
|---|---|
| MARCEA JONES,<br><br>                   Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                   Respondent. | Chief Special Master Corcoran<br><br>Filed: March 22, 2022<br><br>Motion for decision; Dismissal;<br>Tdap Vaccine; Shoulder Injury<br>Related to Vaccine Administration<br>(SIRVA) |

*Paul R. Brazil*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Heather L. Pearlman,* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On January 12, 2021, Marcea Jones filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34,[2] (the "Vaccine Act"). Ms. Jones alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") from a Tdap vaccine she received on October 2, 2019. ECF no. 1.

On March 16, 2022, Ms. Jones filed a motion for a decision dismissing the petition. For the reasons set forth below, Ms. Jones' motion is **GRANTED**, and this case is **DISMISSED**.

In the petition, Ms. Jones alleged that she suffered a shoulder injury from an Tdap vaccination but did not otherwise detail any of her symptoms or medical treatment. ECF No. 1. Ms. Jones did not submit any medical records with the petition.

---

[1] Although I have not formally designated this Decision for publication, I am required to post it on the United States Court of Federal Claims' website because it contains a reasoned explanation for the action in this case, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

The February 5, 2021 PAR Initial Order required Ms. Jones to file all the statutorily required documents, including medical records supporting the vaccination, pre-vaccination treatment, and post-vaccination treatment. ECF No. 5. On November 15, 2021, Ms. Jones filed her medical and a Statement of Completion.

On March 16, 2022, Ms. Jones filed a motion for a decision dismissing the petition stating that "[a]n investigation of the facts and science supporting her case have demonstrated to Petitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program." ECF No. 13.

To receive compensation under the National Vaccine Injury Compensation Program, a petitioner must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. *See* §§ 300aa—13(a)(1)(A) and 11(c)(1). Ms. Jones alleged that she sustained a SIRVA Table Injury.

Under the Vaccine Act, a petitioner may not receive compensation based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa—13(a)(1). The medical records indicate that Ms. Jones had bilateral shoulder pain before the Tdap vaccination. Exhibit 7 at 228. For a SIRVA claim, the qualifications and aids to interpretation of the Vaccine Table require that the petitioner have "[n]o history of pain, inflammation or dysfunction of the affected shoulder prior to intramuscular vaccine administration that would explain the alleged signs, symptoms, examination findings, and/or diagnostic studies occurring after vaccine injection." 42 C.F.R. § 100.3 (c)(10)(i). For at least this issue, I find that Ms. Jones has not established the requirements for a SIRVA claim. Moreover, Ms. Jones admitted in the motion for a decision that she will not be able to establish entitlement to compensation.

Thus, Petitioner has failed to establish entitlement to compensation in the Vaccine Program. **This case is dismissed for insufficient proof. The clerk shall enter judgment accordingly.**[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] If Petitioner wishes to bring a civil action, he must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."